WIEDERER et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 16, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—MIRROR PLATES.
   Mirror plates, not framed, but intended to be put in frames or cases, are dutiable as mirrors, under paragraph 102 of the tariff act of 1894.

Comstock & Brown, for importers.
Henry O. Sedgwick, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The articles in question are commercially known as "mirror plates." They were assessed for duty as mirrors, under paragraph 102 of the tariff act of August 1, 1894. The importer protests, claiming that they are dutiable, under paragraphs 92 and 97 of said act, as "cylinder glass, polished and also beveled, not exceeding 16x24 inches square." The word "mirror" has no commercial or trade meaning. There is no such trade term as a "framed mirror," or a "mirror with frame," or "mirror without case." The word must be taken in its ordinary sense. The evidence shows that these plates are sold to be put in frames or cases. These plates are mirrors without frames. There is considerable evidence that they are known as "mirrors." They are not parts of mirrors. The addition of a frame or case neither changes their character or use nor advances them into a new article. This conclusion renders it unnecessary to consider the further forcible contention of counsel for the United States that the paragraphs relied upon by the importer do not cover this class of silvered cylinder glass articles. The decision of the board of general appraisers is affirmed.